Note. — Upon a case circumstanced exactly as this, tried at Halifax three or four terms ago, between Baker and Ashe, Judge Williams delivered the same opinion, or to the like effect, as Judge Macay now gave. And the Plaintiff recovered upon the same grounds as the Plaintiff in this case now recovered. Judge Macay being then upon the. bench, but not giving an express opinion himself — having now given it, whereby the opinion of a majority of the Judges upon this point being obtained, it is supposed it may now be received and cited as law — accordingly this case, as being of great importance, and affecting perhaps much real property in this country, has been reported, here.
*85 Note.—Vide Act of 1714, Rev. ch. 226—1789, Rev. ch. 311—1791, Rev. ch. 352—1806, Rev. ch. 704.—And see the cases of Spaight v. Wade’s heirs, 2 Murph. 295, and Tremble v Jones’s heirs, 3 Murph. 579, which are constructions upon the two first mentioned Acts.— The design of all these enactments is, that after it has been judicially ascertained that the personal representatives have no assets, or not sufficient to satisfy the. Plaintiff’s demand, the heir or devisee shall have notice by sci. fa. to come in and contest the fact of lands descended, or may make up a collateral issue with the personal representatives and have the question of assets again enquired into. The heirs or devisees, if they sell the land before action brought or process sued out against them, become personally liable for the value of the lands : but if the lands continue in the hands of the heirs or devi-sees, or are fraudulently sold, the lands themselves only are liable to the execution. The lands, if bona fule sold before the sci. fa. it seems would not be liable, and in such, the creditor must look to the personal responsibility of the heir or devisee.